## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

**MICHAEL SCHAUF, GUARDIAN OF THE PERSON AND ESTATE OF DANIEL LEE BOLING, II, AN INCAPACITATED ADULT,**

*PLAINTIFF,*

*-V.-*

**(1) MICHAEL PLUME, IN HIS INDIVIDUAL CAPACITY,
(2) CAROL BARRETT, IN HER INDIVIDUAL CAPACITY,
(3) JOHN FLINT, IN HIS INDIVIDUAL CAPACITY,
(4) RICHARD WILSON, IN HIS INDIVIDUAL CAPACITY,
(5) LARRY JONES, IN HIS INDIVIDUAL CAPACITY,
(6) GREG WILLIAMS, IN HIS INDIVIDUAL CAPACITY,**

*DEFENDANTS.*

Case No.  17-cv-0713-R

**JURY TRIAL DEMANDED**

**ATTORNEYS' LIEN CLAIMED**

## SECOND AMENDED COMPLAINT

Plaintiff Michael Schauf, Guardian of the Person and Estate of Daniel Lee Boling, II, an incapacitated adult ("Plaintiff") and for his Second Amended Complaint against the Defendants, with leave of the Court being granted, alleges and states as follows:

## JURISDICTION & VENUE

1. Plaintiff Michael Shauf is the duly appointed guardian of Daniel Lee Boling, II, an incapacitated adult, and is a resident of Tulsa, Oklahoma.

2. Daniel Lee Boling, II, (hereinafter "Boling") is a resident of Oklahoma.

3.  The events alleged herein occurred in Comanche County, Oklahoma, within this judicial district.

4.  Hector Rios, Jr. (hereinafter "Rios") is the Warden of the Lawton Correctional Facility ("LCF") at all times relevant hereto and is believed to be a resident of Oklahoma.

5.  Defendant Michael Plume was the Unit Manager at LCF on the 19th day of December, 2014, who conducted the intake screening and cell assessment form for Inmate Randy Glenn Mounce (hereinafter "Mounce").

6.  Defendant Carol Barrett was the Case Manager at LCF on the 9th day of January, 2015, who conducted the Custody Assessment Scale form for Mounce, recommending Medium Security.

7.  Defendant John Flint was the Case Manager IV at LCF on the 3rd day of February, 2015 who concurred with Defendant Barrett on the Custody Assessment Scale form for Mounce. Defendant John Flint was also the Case Management Supervisor at LCF over Mounce and/or Boling on or after May 27, 2015.

8.  Defendant Richard Wilson was the Unit Manager at LCF, who was assigned to Mounce and/or Boling on or after May 27, 2015.

9.  Defendant Larry Jones was the Transition Unit Supervisor at LCF over the housing of Mounce and/or Boling on or after May 27, 2015.

10. Laura Pittman was the Deputy Director/Administrator of Classification and Population for the State of Oklahoma Department of Corrections, at all times relevant hereto.

11. Defendant Greg Williams was the Deputy Director/Private Prison and Jail Administration for the State of Oklahoma Department of Corrections, at all times relevant hereto.

12. This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. §1331 and pursuant to 28 U.S.C. §1343(a)(3).

13. Venue in this Court is proper because the events giving rise to the claims occurred within this district.

14. Mr. Boling is no longer in DOC custody and, therefore, the administrative remedies are no longer available to him.

## FACTUAL ALLEGATIONS

15. Plaintiff hereby adopts and incorporates the previous paragraphs as if set forth herein.

16. Randy Glenn Mounce, DOC #250482 was serving a life without parole sentence for stabbing a person to death, having begun serving his sentence in the State of Oklahoma Department of Corrections in about 1994.

17. Upon information and belief, between May 27, 2015 and up to July 3, 2015, Boling was assigned a cell at the LCF in the Transition Unit with Mounce.

18. Mounce had a long history of violence in DOC custody, including:

   a. Battery of another inmate on August 16, 1998.

   b. Battery of another person on October 12, 1998.

   c. Threatening bodily harm to another inmate on August 29, 2004.

   d. Battery of another inmate by stabbing on September 18, 2009 (victim was inmate "S").

   e. Stabbing another inmate on January 29, 2013 (victim was inmate "N").

3

   f.  Battery causing injury of another inmate on April 22, 2015 (at LCF).

   g.  Threatening bodily harm to another inmate on May 27, 2015 (at LCF).

19. Despite the foregoing history of violence toward other inmates and prison staff, DOC caused Mounce to be transferred to Lawton, a medium security facility from a maximum security facility on December 19, 2014.

20. Although DOC was aware of the January, 2013 stabbing incident, the "transfer packet" that accompanied Mounce to LCF did not contain information about the January, 2013 stabbing incident.  Two (2) Internal Affairs Investigators conducted an investigation on the day of that incident, and they reported the incident to DOC Supervisors, including, without limitation, Johnny Blevins, who was, at the time, Chief of Internal Affairs, and to Edward Evans, who was, at the time, Associate Director of Field Operations, and to Lesia Miser, who was Administrator of Classification.  Nonetheless, no documentation about the 2013 stabbing incident was in the "transfer packet".

21. Mounce tested positive for methamphetamine upon reception to LCF – a clear violation for which he should have been sanctioned and assigned higher security points, but Michael Plume failed to assess Mounce as needing a restricted cell assignment, and no disciplinary action was taken by LCF at the time.  He was in possession of methamphetamine, again, on June 4, 2015, just a month prior to the subject incident.

22. LCF housed Mounce in Segregation Unit from December 19, 2014 until December 31, 2014 due to a lack of availability of a bed, at which time he was released to general population.  Despite his history, a Cell Assignment Form completed by

Michael Plume, Unit Manager, on December 19, 2014, designated Mounce as "Random Eligible/Unrestricted."  On January 9, 2015, a Custody Assessment Scale form was prepared by Defendant Carol Barrett, Case Manager at LCF, but Barrett recklessly omitted several relevant facts on said form that would have increased the Security Level for Mounce, resulting in his classification as "medium security."

23. On February 3, 2015, John Flint, who was a Case Manager IV, recklessly approved Defendant Barrett's assessment, in spite of obvious security-related criteria, such as gang membership, and a history of four (4) different assaults on another with injury.

24. On or about May 27, 2015, Mounce was investigated by his then-assigned Case Manager, Kimberly Waite, for making threats against his cell mate at that time, and LCF separated Mounce from that cell mate.  However, Defendant Richard Wilson, who was the Unit Manager over Mounce as of May 27, 2015, recklessly failed to house Mounce alone in a Segregation Unit, and directed that Boling be housed with Mounce.

25. Sometime between May 27, 2015 and July 3, 2015, LCF housed Mounce and Boling together.

26. As of July 3, 2015, Daniel Lee Boling, II was due to be released from Department of Corrections custody within only a few months.

27. As of July 3, 2015, Defendant Richard Wilson, the Unit Manager where Mounce and Boling were housed, who knew or should have known of the long, violent history of Mounce toward other inmates, and who knew or should have known that Boling was eligible for Minimum Security, took no action to ensure Boling's safety from an attack by Mounce.

28. As of July 3, 2015, Defendant John Flint, the Case Manager Supervisor over Mounce and Boling, who knew or should have known of the long, violent history of Mounce toward other inmates, and who knew or should have known that Boling was eligible for Minimum Security, took no action to ensure Boling's safety from an attack by Mounce.

29. At all times relevant hereto, particularly between January 29, 2013 and July 3, 2015, Laura Pittman was Deputy Director/Administrator of Classification and Population for the State of Oklahoma Department of Corrections.

30. At all times relevant hereto, particularly between January 29, 2013 and July 3, 2015, Defendant Greg Williams was the Deputy Director/Private Prison and Jail Administration for the State of Oklahoma Department of Corrections, who knew or should have known of the long, violent history of Mounce toward other inmates, and who knew or should have known that Boling was eligible for Minimum Security, failed to ensure that LCF was operated in a safe manner, and took no action to protect Boling, or other inmates similarly situated.

31. On or about July 3, 2015, a dispute arose in their shared cell, and Mounce beat Boling until Boling lapsed into a coma.

32. Boling was eventually airlifted to OU Medical Center in Oklahoma City, but he has not regained consciousness since that day.  Upon information and belief, Boling will likely spend the rest of his natural life in such state, and require constant care.

**<u>CLAIMS FOR RELIEF</u>**

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
MICHAEL PLUME, CAROL BARRETT, AND JOHN FLINT
CIVIL RIGHTS - 42 U.S.C. § 1983 - EIGHTH AMENDMENT**

33. Plaintiff hereby adopts and incorporates the previous paragraphs as if set forth herein.

34. Hector Rios was responsible for all operations of the LCF, including oversight of Unit Management and staff. This oversight would include approving classification recommendation and ensuring that properly classified offenders were housed at this facility and properly classified inmates were transferred to other appropriate facilities.

35. Defendants Michael Plume, Carol Barrett, and John Flint collectively and recklessly failed to properly screen and document the misconduct of Inmate Mounce to include violent misconduct or the threat of violent conduct, and to recommend maximum security or isolation for Mounce. Defendants Michael Plume, Carol Barrett, and John Flint knew or should have known about the positive results for the drug screening test on the day of Inmate Mounce's arrival to the LCF. This should have prompted Defendants to seek an immediate transfer for Inmate Mounce to return to maximum security. The willful or reckless failure to perform the foregoing duties and responsibilities constituted deliberate indifference to the safety and well being of Boling.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
RICHARD WILSON, LARRY JONES, AND JOHN FLINT
CIVIL RIGHTS - 42 U.S.C. § 1983 - EIGHTH AMENDMENT**

36. Defendants Richard Wilson, Larry Jones, and John Flint caused Mounce to be placed, or failed to prevent Mounce, who is serving a life sentence, from being placed in a cell with a young man who was soon to be released, Boling, despite Mounce's demonstrated violent history toward other inmates, specifically after Mounce threatened his then cell mate on or about May 27, 2015.

7

37. Defendant Richard Wilson, as Unit Manager, was responsible for oversight of the unit record keeping system to ensure that detailed information about each offender housed in their unit is maintained by the unit staff.  The Defendant Richard Wilson, as Unit Manager had the responsibility to be aware of the history of Mounce and knew or should have known about Mounce's violent conduct.  Defendant Richard Wilson had the responsibility to ensure that Mounce was not classified for medium security.  The willful or reckless failure to perform the foregoing duties and responsibilities constituted deliberate indifference to the safety and well being of Boling.

38. Defendant Larry Jones was the Transition Unit Supervisor who was responsible for ensuring that inmates who are housed in the Transition Unit were appropriately housed to ensure the safety of the staff and inmates.  This unit was operated as a segregation unit and two inmates were housed in the cells nearly 24 hours per day.  This supervisor had the responsibility to recognize the lethality of Inmate Mounce and to make an assignment based upon the violent history demonstrated by Inmate Mounce.  Inmate Mounce should not have been celled with another inmate, and the willful or reckless failure to perform the foregoing duties and responsibilities constituted deliberate indifference to the safety and well being of Boling.

39. Defendant John Flint was the Case Management Supervisor who was responsible for ensuring that accurate and timely classification decisions are made through the supervision of the case managers, reviews and/or approves custody assessment recommendations or facility assignment recommendations.  Boling was eligible for a reduction in security classification and was denied by the facility staff due to time remaining and due to a misconduct for sitting on a table, and for damaging a razor.

8

The willful or reckless failure to perform the foregoing duties and responsibilities constituted deliberate indifference to the safety and well being of Boling.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT GREG WILLIAMS CIVIL RIGHTS - 42 U.S.C. § 1983 - EIGHTH AMENDMENT

40. Laura Pittman was responsible for the oversight of the classification system and the proper management of offenders to ensure the safety of the community, staff, visitors and inmates. The responsibilities of Ms. Pittman would include ensuring that current and accurate information is available and used by staff to make appropriate classification decisions.

41. Defendant Greg Williams was responsible to ensure that the Private Prisons or Jails operate in a safe and secure manner. Defendant Williams knew or should have known about the violent history of Inmate Mounce. This information should have prompted Defendant Williams to pursue a Special Management status for Inmate Mounce. Defendant Williams approved the transfer of Mounce from Maximum Security to LCF (medium security) and signed a form that read "Offender has minimum points. He has no active misconducts. Offenders last misconduct was on 06//30/2010." This was despite the documented stabbing of inmate "N" on January 29, 2013. The willful or reckless failure to perform the foregoing duties and responsibilities constituted deliberate indifference to the safety and well being of Boling on the part of Defendant Williams.

42. All Defendants named herein, and others, were subjectively aware the Mounce posed a substantial risk to Boling and failed to take steps to prevent or mitigate such harm.

43. All Defendants named herein were deliberately indifferent when they celled Mounce, a significant, demonstrated risk, with Boling, especially after being aware of the threats Inmate Mounce had made toward his cell mate on or before May 27, 2015.

44. Defendants John Flint, Richard Wilson, and Larry Jones failed to adequately train, direct, supervise, and/or control the actions of its employees at LCF so as to prevent violation of Boling's constitutional rights, and the rights of others similarly situated.

45. Boling's constitutional rights were violated as a direct and proximate result of the Defendants' deliberate indifference.

46. Defendant Williams failed to adequately train, direct, supervise, and/or control the actions of its employees at DOC so as to prevent violation of Boling's constitutional rights, and the rights of others similarly situated.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendants, and each of them, in an amount greater than $75,000.00 in damages, plus costs, interest as provided by law, and for such other and further relief to which he may be deemed entitled. Plaintiff further prays for judgment against Defendants Michael Plume, Carol Barrett, John Flint, Richard Wilson, and Larry Jones in an amount greater than $75,000 in punitive damages, plus costs, interest as provided by law, and for such other and further relief to which he may be deemed entitled.

Respectfully submitted,

/s/ *Stanley D. Monroe*
Stanley D. Monroe, OBA #6305
Ann E. Keele, OBA #21210
*Monroe & Keele, PC*
15 W. 6th Street, Suite 2112
Tulsa, OK 74119
(918) 592-1144
Fax (918) 592-1149
Email: stan@monroekeele.com

## CERTIFICATE OF ELECTRONIC NOTICE

I hereby certify that on the 10th day of May, 2018, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Timothy M. Brunson
Lexie Norwood
Stan West
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division 313 NE 21st Street
Oklahoma City, OK 73105

And

Robert S. Lafferrandre
Carson Smith
PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, LLP
1109 N. Francis
Oklahoma City, Oklahoma 73106

/s/  *Stanley D. Monroe*

11