MICHAEL SHAUF, guardian of the )
person and estate of Daniel Lee Boling, II, )
an incapacitated adult, )
  )
    Plaintiff, )
  )
v. )     Case No. CIV-17-713-R
  )
RICHARD WILSON, *et al.*, )
  )
    Defendants. )

## ORDER

Before the Court is Defendant Michael Plume's Motion to Dismiss Plaintiff's Second

Amended Complaint, Doc. 61. The facts and relevant legal standards are well-documented

for Plaintiff's Eighth Amendment failure-to-protect claims against the remaining Lawton

Correctional Facility ("LCF") Defendants, and the Court hereby incorporates the background

and standards sections of the Court's March 2, 2018, order dismissing Defendants Rios and

Pitman. Doc. 30, at 1–6. To briefly recap, Plaintiff alleges that Defendants are responsible for

classifying a violent inmate, Randy Mounce, as "medium-security" and celling him with

Daniel Boling, who Mounce beat into an indefinite coma. *See* Second Amended Complaint,

Doc. 44. To hold Defendants responsible for Boling's injury under the Eighth Amendment,

Plaintiff must satisfy three Section 1983 elements: (1) objective harm, (2) culpable state of

mind equating to "deliberate indifference to a substantial risk of serious harm," and (3)

personal involvement, or an "affirmative link" between the prison official's conduct and the

violation. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (internal quotations omitted); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013).

Plaintiff amended his complaint to add an Eighth Amendment failure-to-protect claim against Defendant Michael Plume, LCF's Unit Manager who screened Mounce upon arrival at LCF and designated him as "Random Eligible/Unrestricted" on the cell assessment form. Doc. 44, at 2, 4–5. The Court finds that Plaintiff fails to allege a plausible Eighth Amendment claim against Defendant Plume because he does not meet the "deliberate indifference" prong. For the same reasons, the Court also reconsiders its prior order and dismisses Defendant Carol Barrett from this suit.

## I. Defendant Plume

Defendant Plume could not have deliberately ignored a "substantial risk of serious harm" if he did not think that by designating Mounce as "Random Eligible/Unrestricted," the risk to Mounce's cellmates was substantial or the harm would be serious. *Farmer*, 511 U.S. at 828; Doc. 44, at 2. The Eighth Amendment deliberate indifference standard is equivalent to recklessness—"the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 836–37. "There exists no precise definition of those types of conditions of confinement that violate the first prong of the *Farmer* test by 'posing a substantial risk of serious harm.'" *Grimsley v. MacKay*, 93 F.3d 676, 681 (10th Cir. 1996) (quoting *id.* at 834). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

To determine Defendant Plume's deliberate indifference, the Court begins by peeling back the "labels and conclusions" and "formulaic recitation of the elements" in Plaintiff's Second Amended Complaint and by "viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to" Plaintiff, the non-moving party.[1] *MacArthur v. San Juan County,* 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Plaintiff's alleges that when Defendant Plume conducted Mounce's LCF intake screening on December 19, 2014, he knew that Mounce (1) battered two inmates in 1998, (2) threatened an inmate in 2004, (3) stabbed an inmate "S" in September 2009, and (4) tested positive for methamphetamine upon arrival at LCF in December 2014. *Twombly,* 550 U.S. at 547; *see* Doc. 44, at 3–4, 7. Notably, the "transfer packet that accompanied Mounce to LCF"—the one Plume apparently relied on in labeling Mounce "Random Eligible/Unrestricted"—"did not contain information about [Mounce's] January, 2013 stabbing" of another inmate. Doc. 44, at 4–5. Nor could Plume have known about any of Mounce's subsequent violent incidents at LCF that occurred after Plume screened Mounce. *See id.*

Because Mounce's most recent violent misconduct was over five years prior to his transfer to LCF and exposure to Defendant Plume, Plaintiff has not plausibly alleged that Defendant Plume was "both . . . aware of facts from which [an] inference could be drawn that a substantial risk of serious harm exists" and "dr[e]w th[at] inference." *Farmer*, 511 U.S. at

---

[1] The Court disregards Plaintiff's conclusory allegations that Plume "recklessly failed to properly screen and document the misconduct of Inmate Mounce to include violent misconduct or the threat of violent misconduct, and to recommend maximum security or isolation for Mounce" and that "[t]he willful or reckless failure to perform the foregoing duties and responsibilities constituted deliberate indifference to the safety and well being of Boling." Doc. 44, at 7.

837. Pleading an inmate's positive drug test and remote history of violence makes the risk of violence "conceivable," not "plausible." *Twombly*, 550 U.S. at 570. After all, "[p]risons, by definition, are places of involuntary confinement of persons who have a demonstrated proclivity for antisocial criminal, and often violent, conduct." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Inmates will always pose *some* risk to each other. Nonetheless, Plaintiff must plausibly allege that Plume actually knew the risk was *substantial* in this case. For example, Plaintiff met this standard against Defendants Williams and Wilson by alleging that they knew about Mounce's 2013 stabbing or violent misconduct at LCF, but regarding Defendant Plume, Plaintiff failed to "nudge[] [his] claim[] across the line from conceivable to plausible.'" *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570); *see* Doc. 30, at 13–21, 23–24; Doc. 44, at 2–3, 5–9.

Plaintiff responds mainly with two meritless arguments to defeat dismissal: that Defendant Plume's "misclassification directly led to Mounce being housed with Boling" and that dismissal on the basis of failure to plead deliberate indifference impermissibly "requires evidence relating to the actor's state of mind" before discovery has occurred. Doc. 63, at 7–9 & n.1. The first argument is beside the point—there may be an "affirmative link" between Plume's conduct and the Eighth Amendment violation, but that has no bearing on the deliberate-indifference prong. In other words, Plume may have bungled Mounce's intake screening and caused, even knowingly, Mounce to be housed with potential victim-cellmates. But unless Plume actually "dr[e]w the inference" that doing so posed a "substantial risk of serious harm," his personal involvement is insufficient. *Farmer*, 511 U.S. at 837.

Plaintiff's second argument distorts the *Twombly* and *Iqbal* standard for Rule 12(b)(6) dismissal. The Court is not asking Plaintiff to know Defendant's state of mind before deposing him. Plaintiff instead must allege facts that make Defendant's deliberately indifferent state of mind "plausible" before "unlock[ing] the doors of discovery." *Twombly*, 550 U.S. at 556; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Admittedly, this is no easy task at this stage for somebody in Plaintiff's position, but it is a necessary one. Conclusory allegations about Defendant Plume's state-of-mind, paired with Plume's knowledge about Mounce's violent conduct over five years prior, does not make it plausible that Plume was "deliberate[ly] indifferen[t] to a substantial risk of serious harm." *Farmer*, 511 U.S. at 828; *see Iqbal*, 556 U.S. at 686 ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."). Sensitive not to use Section 1983 liability to hold prison officials responsible for merely negligent misclassifications of inmates, the Court dismisses Plaintiff's Eighth Amendment claim against Defendant Plume. *See Farmer*, 511 U.S. at 835 ("[D]eliberate indifference entails something more than mere negligence.").

## II. Defendant Barrett

For the same reasons, the Court also reconsiders its prior order denying Defendant Carol Barrett's motion to dismiss. *See* Doc. 30, at 24–25. Plaintiff's allegations against Barrett and Plume are nearly indistinguishable, save for the fact that during Mounce's transfer to LCF, Barrett filled out Mounce's "Custody Assessment Scale form," whereas Plume "conducted the intake screening and cell assessment form." Doc. 44, at 2. Excluding Plaintiff's conclusory allegations, he alleges that both Barrett and Plume (1) had limited

knowledge about Mounce's misconduct history (a recent positive drug test and violent acts from over five years prior) and (2) mischaracterized Mounce's security risk in an LCF transfer form, which (3) caused Mounce to be housed in general population (and eventually with Boling). Doc. 44, at 2, 4–5, 7.[2]

The court originally found Barrett's deliberate indifference plausible because "specific facts are not necessary" to show deliberate indifference. Doc. 30, at 24–25 (quoting *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007); *see id.* at 24 (quoting Doc. 3, at 5) ("Barrett 'recklessly omitted several relevant facts' on the form that 'would have increased' Mounce's security level."). That conclusion was wrong. No matter what facts Barrett omitted and how personally involved she was with Mounce's placement, Plaintiff does not allege that Barrett possessed enough facts about Mounce's dangerousness to appreciate a "substantial risk of serious harm." *Farmer*, 511 U.S. at 828. Thus, Plaintiff fails to state a plausible claim for relief against Defendant Barrett.

### III. Conclusion

Defendant Plume's Motion to Dismiss (Doc. 61) is GRANTED. The Court also amends its March 2, 2018, order (Doc. 30) to dismiss Plaintiff's claim against Defendant Barrett for the reasons discussed herein.

IT IS SO ORDERED this 11th day of July 2018.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff has not changed his allegations against Defendant Barrett between his first and second amended complaints. *See* Docs. 3, 44